**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**PINK PALM PUFF LTD.,**

**Plaintiff,**

**- against -**

**ROSS STORES, INC., ET AL.,**

**Defendants.**

**26-cv-2396 (JGK)**

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

The plaintiff, Pink Palm Puff Ltd. ("Pink Palm Puff") brings this action against the defendants, Ross Stores, Inc. ("Ross") and Reflex Trading, Inc. ("Reflex"). The plaintiff sells luxury hoodies, pajamas, and other apparel products directly to consumers across the United States and in international markets. The plaintiff alleges that Ross, through Reflex as a supplier, manufactures, markets, and sells imitation products that are substantially indistinguishable from the plaintiff's products. The plaintiff raises eleven causes of action against Ross and Reflex for this alleged conduct.

Counts I is a claim for copyright infringement and Count II is a claim for contributory or vicarious copyright infringement (together, "the copyright claims"). Count III is a claim for federal unfair competition, false designation of origin, and false advertising pursuant to the Lanham Act, 15 U.S.C. § 1125(a), Count IV is a claim for contributory trademark infringement, and Count V is a claim for trademark dilution pursuant to the Lanham Act, 15 U.S.C. § 1125(c) (together, "the federal trademark claims"). The plaintiff also

brings several state law claims for unfair competition (Count VI), unjust enrichment (Count VII), deceptive acts and practices in violation of New York General Business Law § 349 (Count VIII), false advertising in violation of New York General Business Law § 350 (Count IX), conspiracy (Count X), and tortious interference with business relations (Count XI).

The defendants move to dismiss all counts except for the copyright counts pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons that follow, the motion to dismiss is **granted with prejudice** as to the conspiracy claim (Count X) and **granted without prejudice** as to the other challenged claims (Counts III–IX and XI).

## I.

### A.

The following facts are taken from the complaint and are accepted as true for purposes of this motion.

The plaintiff is a luxury apparel company that sells high-quality hoodies, sweatpants, pajamas, and other goods. Compl. ¶ 13, ECF No. 8. The plaintiff operates multiple online social media accounts with hundreds of thousands of followers. Id. ¶ 14. The plaintiff sells its products on its websites directly to consumers and does not sell or permit others to sell its products on any other site. Id. ¶ 17. The plaintiff owns various character marks and design marks, that it refers to as “Plaintiff’s Trademarks” or “Marks.” Id. ¶

18; see also Compl. Ex. A, ECF No. 8-1.[1] The plaintiff also owns the copyright in multiple designs, that it refers to as "Plaintiff's Copyrighted Works." Compl. ¶¶ 19–23; see also Compl. Ex. B, ECF No. 8-2.

The plaintiff alleges that the defendants, without any authorization or license from the plaintiff, "have knowingly and willfully used, reproduced and/or copied at least one of the Marks and Copyrighted Works in connection with their manufacturing, distributing, exporting, importing, advertising, offering for sale, and selling of their infringing and/or counterfeit products." Compl. ¶ 25. The plaintiff further alleges that the defendants have sold "counterfeit clothing bearing at least one of the Marks and/or Copyrighted Works," referring to these goods as the "Infringing Products." Id. ¶ 27. The plaintiff pleads, upon information and belief, that Reflex supplied at least some of these Infringing Products to Ross. Id. The plaintiff alleges that the defendants have manufactured, marketed and/or sold counterfeit hoodies that are "confusingly similar, if not identical, to authentic Pink Palm Puff products," in violation of the plaintiff's exclusive rights. Id. ¶ 28.

The plaintiff further alleges that these sales have led to consumer confusion. Id. The complaint describes and includes screenshots of viral consumer posts and user-generated content in which consumers shared products that they allegedly found at Ross and that identified or referenced "Pink Palm Puff" and "PPP." Id. ¶¶ 29–31. The plaintiff alleges that the

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

defendants "falsely advertise and offer their Infringing Products as in a manner calculated to mislead consumers" and have acted in a way that is "deliberately calculated to confuse and deceive the public[,] with full knowledge of Plaintiff's rights." Id. ¶¶ 33–34.

The plaintiff filed its complaint against the defendants on March 25, 2026. Id. The defendants filed a partial motion to dismiss Counts III–XI of the complaint on June 12, 2026. See Defs.' Mot. Dismiss, ECF No. 24. The defendants seek to dismiss all the claims in the complaint except for the plaintiff's copyright claims. See id.

**II.**

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although the Court

should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "For purposes of this rule, the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

**III.**

**A.**

The first two counts, the copyright counts, are not at issue in the motion to dismiss. The defendants seek to dismiss the remaining federal claims for alleged violation of Sections 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1125(a), (c), and contributory trademark infringement, as well as the New York state claims for unfair competition and unjust enrichment, on the grounds that the plaintiff fails to plead sufficient facts to support each of these claims. The defendants argue, among other things, that the plaintiff fails to allege plausibly facts demonstrating that the defendants used any specific protected mark and impermissibly relies on conclusory references to the legal elements of its claims rather than factual allegations. Defs.' Mem. Law Supp. Mot. Dismiss at 5–6, 9–12, ECF No. 24-1. The defendants further argue that the state law claims for unfair competition and unjust enrichment

fail because they rely on the same defectively pleaded trademark theories that underlie the federal trademark claims. Id. at 11–12.

The facts set forth in the complaint in support of the plaintiff's federal trademark claims are insufficient to state a claim. Although the plaintiff argues that its complaint satisfies Rule 8, the complaint does not satisfy the standards established by the United States Supreme Court in Twombly and Iqbal. Pleadings that are "no more than conclusions, are not entitled to the assumption of truth" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Iqbal, 556 U.S. at 678–79. "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 545.

While the plaintiff's complaint outlines the legal elements for each of the federal trademark claims, Compl. ¶¶ 51–76, the complaint lacks sufficient factual material to support these legal conclusions. The plaintiff asserts that the defendants, "without any authorization or license from Plaintiff, have knowingly and willfully used, reproduced and/or copied at least one of the Marks and Copyrighted Works in connection with their manufacturing, distributing, exporting, importing, advertising, offering for sale, and selling of their infringing and/or counterfeit products in interstate, intrastate and international commerce, including commerce in the State of New York and in this judicial district." Id. ¶ 25. The plaintiff also alleges that

the defendants "have been offering for sale and sold counterfeit clothing bearing at least one of the Marks and/or Copyrighted Works." Id. ¶ 27. The most specific allegation the plaintiff alleges is that the defendants "have manufactured, marketed, and/or sold counterfeit 'Pink Palm Puff' hoodies that are confusingly similar, if not identical, to authentic Pink Palm Puff products." Id. ¶ 28.

None of these allegations identify which of the plaintiff's various marks the defendants have misappropriated or how. The plaintiff points to consumer posts in which consumers identify products that they allegedly found at Ross, but the complaint does not itself allege that any counterfeit products were found at Ross or that the goods identified in the posts were counterfeit. The plaintiff does not affirmatively state that Ross was selling counterfeit Pink Palm Puff products with a specific mark or explain how the products are counterfeit. The plaintiff does not indicate at any point which mark or marks the defendants have allegedly infringed or misappropriated. At most, the plaintiff recites the legal elements of its trademark claims, but the plaintiff fails to provide sufficient factual allegations to make those claims plausible.

The plaintiff cites Adias America, Inc. v. Thom Browne Inc., 599 F. Supp. 3d 151, 160 (S.D.N.Y. 2022), to argue that it "is not required to produce a mark-by-mark, product-by-product infringement chart." Pl's Opp'n Mot. Dismiss at 6–7, ECF No. 26. In Adidas, though the mark was registered with various registrations, there was only one mark at issue, and it was clearly

identified by the plaintiff. 599 F. Supp. 3d at 158. The court found that the complaint had "adequately identifie[d] the protected mark and the products that allegedly infringe on that mark." Id. In this case, by contrast, the plaintiff defines the multiple marks that may potentially be at issue in a single broad category and refers to various standard character marks and multiple design marks, which themselves are distinct from each other, collectively as its "Marks." See Compl. ¶ 18. The complaint then alleges that the defendants have used "at least one the Marks," see, e.g., id. ¶¶ 25, 27, 53, 55, 56, or that the defendants have generally infringed the "plaintiff's Marks" collectively. see, e.g., id. ¶¶ 24, 34, 61. Although it is true that "a plaintiff is not required at the pleading stage to identify every specific allegedly infringing product or more clearly defined product types," Adidas, 599 F. Supp. 3d at 160, the plaintiff must still plead facts to show that the defendants infringed a valid mark. The complaint as currently pleaded lacks factual, non-conclusory allegations that the defendants used any specific mark or sold any counterfeit goods that used a specific mark owned by the plaintiff.

The plaintiff thus fails to plead adequately its federal trademark claims under Twombly and Iqbal. Because the standard for unfair competition under New York law is "virtually identical" to the standard under Section 43(a) of the Lanham Act, the plaintiff has failed to plead adequately that claim as well. See LaChapelle v. Fenty, 812 F. Supp. 2d 434, 448–49 (S.D.N.Y. 2011).

The motion to dismiss the federal trademark claims and the state law claim for unfair competition is accordingly **granted**. Counts III–VII are **dismissed without prejudice.**

**B.**

The plaintiff's claim for unjust enrichment under New York state law fails for other reasons. "Under New York law, in order to state a claim for unjust enrichment, [a] plaintiff must demonstrate that they themselves conferred a direct benefit on the defendants." Kaplan, Inc. v. Yun, 16 F. Supp. 3d 341, 353 (S.D.N.Y. 2014). In this case, the plaintiff alleges only that the defendants obtained "financial benefit from consumers" and economic benefit from the "sale of Infringing Products." Compl. ¶¶ 89–90. The complaint fails to allege that the plaintiff itself directly conferred any benefit on the defendants. The plaintiff thus fails to state a claim for unjust enrichment under New York law. See Kaplan, 16 F. Supp. 3d at 353. Count VII is accordingly **dismissed without prejudice**.

**C.**

The plaintiff's remaining claims for deceptive acts and practices in violation of New York General Business Law § 349 (Count VIII) and false advertising in violation of New York General Business Law § 350 (Count IX) also fail on independent grounds.

"[C]ourts in New York have routinely dismissed trademark claims brought under Sections 349 and 350 as being outside the scope of the

statutes, because ordinary trademark disputes do not pose a significant risk of harm to the public health or interest and are therefore not the type of deceptive conduct that the statutes were designed to address." Kaplan, Inc, 16 F. Supp. 3d at 352–53. Courts in the Second Circuit have found that trademark infringement claims are not cognizable under Sections 349 and 350 unless the dispute involves "injury to the public interest over and above ordinary trademark infringement" or dilution. Chanel, Inc. v. RealReal, Inc., 449 F. Supp. 3d 422, 447 (S.D.N.Y. 2020).

The plaintiff has not alleged any facts that demonstrate that this dispute involves injury to the public interest over and above ordinary trademark infringement or dilution. The complaint primarily "concerns injury to [Pink Palm Puff] and its goodwill, and to a select group of individuals who end up purchasing a counterfeit product." See id. Accordingly, the plaintiff's Section 349 and 350 claims fail, and the defendants' motion to dismiss Counts VIII and IX is **granted** and the claims are **dismissed without prejudice.**

**D.**

The defendants move to dismiss Count X, a state law civil conspiracy claim, on the grounds that it is not an independent cause of action.

"New York does not recognize civil conspiracy as an independent cause of action." Reich v. Lopez, 38 F. Supp. 3d 436, 460 (S.D.N.Y. 2014); see also

Brady v. Friedlander, No. 20-3515-cv, 2021 WL 5872264, at *2 (2d Cir. Dec. 13, 2021) ("New York does not recognize an independent free-standing claim for conspiracy."). "Thus, while plaintiffs may allege facts to demonstrate that a conspiracy existed in support of their various substantive claims, they may not allege 'conspiracy' as a separate basis for liability." Hughes v. BCI Int'l Holdings, Inc., 452 F. Supp. 2d 290, 304 (S.D.N.Y. 2006).

The plaintiff pleads civil conspiracy as a separate, free-standing cause of action. Because civil conspiracy is not available as an independent cause of action under New York law, Count X is **dismissed with prejudice.**

**E.**

The defendants move to dismiss Count XI for tortious interference with business relations because the plaintiff does not identify a specific business relationship with which the defendants allegedly interfered.

To state a claim for tortious interference with business relations under New York law, a plaintiff must allege that: "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship." Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C., 455 F. App'x 102, 105 (2d Cir. 2012). New York courts have rejected claims of tortious interference with a business relationship based only on "a

general allegation of interference with customers without any sufficiently particular allegation of interference with a specific contract or business relationship." McGill v. Parker, 582 N.Y.S.2d 91, 95 (App. Div. 1992).

In this case, the plaintiff identifies the business relationship as one between the plaintiff and "purchasers and prospective purchasers of its products." Compl. ¶ 119. But "[a] relationship with 'the public' at large is not the sort of continuing business relationship that can be the subject of a tortious interference claim." Lord & Taylor EComm LLC v. Circle Bus. S.A., No. 23-cv-6315, 2025 WL 1105174, at *7 (S.D.N.Y. Apr. 14, 2025). Moreover, "generic references to customer relationships" do not suffice to establish a specific business relationship. See Camelot SI, LLC v. ThreeSixty Brands Grp. LLC, 632 F. Supp. 3d 471, 483 (S.D.N.Y. 2022); see also Garvey v. Face of Beauty LLC, 634 F. Supp. 3d 84, 95 (S.D.N.Y. 2022) (collecting cases).

The plaintiff's relationship with purchasers and potential purchasers is insufficiently specific to support a claim for tortious interference with a business relationship under New York law. Therefore, Count XI is **dismissed without prejudice.**

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit.

For the foregoing reasons, the defendants' motion to dismiss is **granted** in part. Counts III–IX and XI are **dismissed without prejudice**. Counts X is **dismissed with prejudice**.

The plaintiff's request for leave to amend is **granted**. The plaintiff should file any amended complaint by **November 18, 2026.**

The Clerk is respectfully requested to close ECF No. 24.

**SO ORDERED.**

**Dated: New York, New York**
**November 3, 2026**

**John G. Koeltl**
**United States District Judge**